Citation Nr: 1602961 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 13-18 508 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Wisconsin Department of Veterans Affairs


ATTORNEY FOR THE BOARD

Jennifer R. White, Counsel




INTRODUCTION

The Veteran served on active duty from November 1971 to October 1973. The Veteran is deceased, and the appellant is his surviving spouse.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an April 2012 rating decision by the Department of Veterans Affairs (VA) Pension Management Center in Milwaukee, Wisconsin. 

The Board notes that the appellant made some assertions in May 2012 that the Veteran was misdiagnosed when receiving treatment at the VA Medical Center. In May 2013, VA personnel contacted the appellant and she indicated that although she was not happy with the medical care that the Veteran received, she is not claiming that his death was due to this care, or lack thereof.

In June 2015, the appellant submitted a petition to reopen a previously denied claim for aid and attendance/housebound benefits in the form of a private physician's medical report for such benefits. This issue has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is again referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Board remanded the appeal in July 2015. Unfortunately, as there has not been substantial compliance with prior remand directives, the appeal is again REMANDED to the AOJ. VA will notify the appellant if further action is required.



REMAND

A living person who would be eligible to receive accrued benefits due to a claimant under 38 U.S.C. § 5121(a) may also be eligible to be substituted as the claimant for purposes of processing a pending claim to completion. See 38 U.S.C. § 5121A. Unlike accrued benefits claims, which are limited to the evidence of record at the time of the Veteran's death, a substitute claimant is able to submit additional evidence to be considered by VA that was not of record at the time of the Veteran's death. 

In this case, the Veteran filed a May 2010 claim for service connection for a lung disability, which was pending at the time of his death. In April 2011, less than one month after the Veteran's death, the appellant filed a claim for dependency and indemnity compensation, which is deemed to include a request for substitution for the pending service connection claim. See 38 C.F.R. § 3.1010(c)(2). Per the Board's request, in a June 2015 letter the AOJ notified the appellant that she had been substituted for the Veteran regarding the pending claim of entitlement to service connection for a lung disability, and offered her 30 days to submit additional evidence. To date, however, there has been no adjudication of the claim, and the Board cannot make a decision on this matter in the first instance. 38 U.S.C.A. 
§ 7104(a) (West 2014); 38 C.F.R. § 38 C .F.R. § 20.101(a) (2015). 

Unfortunately, in this regard, the AOJ promulgated a rating decision on the issue of entitlement to accrued benefits when the July 2015 remand specifically indicated that adjudication of the claim for entitlement to service connection for lung cancer was pending. There is an important distinction between the law governing a claim for accrued benefits upon the death of a beneficiary and claims regarding substitutions of claimants in the case of death of a claimant. 38 U.S.C.A. §§ 5121, 5121A. When adjudicating the accrued benefits claims, only the evidence of record at the time of death may be considered as the basis for a determination on the merits of the claim. However, when a properly qualified substitute claimant continues the pending claim in the footsteps of the Veteran after death, such as here, additional development of the record may be undertaken if deemed appropriate or necessary to adequately adjudicate the merits of the claim. Thus, it is to the appellant's benefit to have the claim adjudicated as a substitute claimant pursuant to 38 U.S.C.A. 
§ 5121A. As this has not yet been accomplished, the Board must remand the claim again so that the AOJ can conduct the development requested by the Board in order for the appellant's claim to be fully and fairly adjudicated. See Stegall v. West, 11 Vet. App. 268 (1998) (remand by the Board confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms).

Crucially, the claim for entitlement to service connection for the cause of the Veteran's death is inextricably intertwined with the pending claim for service connection for lung cancer. Therefore, consideration of the claim for service connection for the cause of the Veteran's death must be deferred until the intertwined issue of service connection for lung cancer is either resolved or is prepared for appellate consideration. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (where a claim is inextricably intertwined with another claim, the claims must be adjudicated together). 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. After taking any additional development deemed necessary, adjudicate the claim of entitlement to service connection for lung cancer, taking into account all of the evidence of record (as opposed to considering only the evidence of record at the time of death). The appellant should be notified of this decision and her appellate rights. 
2. Then readjudicate the issue of entitlement to service connection for the cause of the Veteran's death. 

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).